[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' PROCEEDING FOR TERMINATION OF PARENTAL RIGHTS
At the conclusion of the hearing in this matter on June 12, 1997 the court found that the Commissioner of the Department of Child and Families (Commissioner or DCF) had produced clear and convincing evidence to establish that the parental rights of Yolanda C. and George P. should be terminated as to their minor children, Angus, Roshanda and Sholanda. The grounds for the termination as to Angus and Roshanda are as follows: 1) parental abandonment; 2) that the children have been found neglected in a prior proceeding and the parents have not rehabilitated themselves; 3) that the children have been denied, by reason of acts of parental commission or omission, the care, guidance, or control necessary for their physical, educational, moral or emotional well-being; and 4) that there is no ongoing parent-child relationship. The grounds for the termination as to CT Page 8758 Sholanda are the same as those for Angus and Roshanda, with the exception of ground number 4, for the reason that it was in Sholanda's best interest that she was taken by the Commissioner at birth. Having heard that evidence, the court issued its decision terminating the aforesaid parental rights of Yolanda C. and George P.
The court hereby makes the written findings called for in Connecticut General Statutes Section 17a-112(e).
 1. The Timeliness, Nature and Extent of Services offered by DCF for Reunification of the Family
In May of 1995 and March of 1996 DCF referred Mrs. Yolanda C. to housing and vocational contacts. The Commissioner notified both parents of court hearings, Administrative Case Reviews and family planning home visits. Extensive counseling was offered to respondent parents. Yale New Have Pediatrics, Birth to Three are among the providers of services made available to this family. The court finds that the foregoing services were offered in a timely manner.
 2. Whether DCF has made reasonable Efforts to reunite the Family
The Department of Children and Families made reasonable efforts to reunify the family by offering the following services; extensive counseling: referrals for substance abuse treatment; liberal visitation; parenting classes; as well as notification of court hearings and Administrative Case Reviews.
 3. The Terms of Court Orders and the Extent to which the Parties have complied therewith
There were no court orders issued as to George P., the father of the minor children, for the reason that he never appeared at any court hearings. However, mother Yolanda C., did appear, and the court entered the following orders, and notes the level of her compliance therewith, as follows:
 a) keep all appointments set by or with DCF, and keep whereabouts known to DCF and to your attorney; CT Page 8759
Mother Yolanda C. has not kept all appointments set by or with DCF; moreover, she has failed to keep such appointment on any consistent basis. Furthermore, Yolanda C. has not been consistent in keeping her whereabouts known to DCF.
b) visit the child as often as DCF permits;
Mother Yolanda C. has not visited Angus and Roshanda since April 1996. She last saw them at a relative's funeral in June of 1996. Although mother Yolanda C. resides the same housing development as Sholanda, she hardly visits with her. Sholanda refers to her as "Chi Chi," and refers to her foster mother as "mother."
 c) participate in drug/alcohol counseling, in-patient, as necessary;
Although mother Yolanda C. has been referred to numerous facilities for treatment for abusing drug substances, she has not completed her treatment. The following are some of the treatment programs and centers which made available services to her: N.E.O.N. — a rehabilitation center in Norwalk; Hospital of St. Raphael; Advanced Behavioral Health; Addiction Prevention and Treatment; and the Substance Abuse Treatment Unit (SATU) at the Connecticut Mental Health Center.
e) no substance abuse;
Mother Yolanda C. has a history of substance abuse, as well as a history of refusing treatment for her addiction to drugs. She has not completed any drug treatment program and she is not receiving any treatment for her drug addiction.
d) secure and maintain adequate housing and income;
Mother Yolanda C. has not complied with the requirement that she maintain adequate housing and income.
 f) no arrests/convictions regarding the criminal justice system.
Mother Yolanda has not complied with the expectation that she have no arrests, or convictions.
4. The Feelings and emotional Ties CT Page 8760 of the Children to the Parents
Minor Roshanda is aware that her mother is addicted to illegal drugs. Roshanda C. states that she does not wish to see her mother. Minor Sholanda does not have memories of or feelings for her parents, inasmuch as she was drug addicted at birth and for her well being placed immediately in foster care. She refers to her foster mother as her "mother." There is no reported evidence that minor Angus, who is in pediatric therapy, has positive feelings and emotional ties to his parents.
5. The Ages of the Children
The ages of minors Angus, Roshanda and Sholanda are 10, 8, and 4, respectively.
 6. The Efforts made by the Parents to adjust their Circumstances, Conduct or Conditions so as to promote Reunification
The parents have not made any measurable efforts to adjust their circumstances, conduct or conditions so as to promote reunification.
 7. The Extent to which the Parents have been prevented from a meaningful Relationship with the Children
The parents have not been prevented by any circumstance beyond their control from having a meaningful relationship with their children.
Clarence J. Jones, Judge